UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD MATTSON,

    Plaintiff,                                      NO. 2:12-cv-11736

v.                                              HON. PATRICK J. DUGGAN
                                                 MAG. LAURIE J. MICHELSON

JAMES L. HENSE,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Ronald Mattson ("Plaintiff"), a state prisoner in custody of the Michigan Department of Corrections at all times relevant to the instant action, filed this 42 U.S.C. § 1983 action against James Hense ("Defendant") on April 14, 2012. When the acts complained of occurred, Plaintiff was incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. Plaintiff alleges that Defendant, a registered nurse providing medical services to Michigan Department of Corrections inmates, was deliberately indifferent to his serious medical needs in violation of his constitutional right to be free from cruel and unusual punishment secured by the Eighth Amendment. Plaintiff specifically claims that he was denied adequate care for a broken ankle. Currently before the Court is Defendant's Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56. The Court has reviewed all of the filings and has heard the positions of the parties at oral argument. For the reasons stated herein, the

1

Court grants Defendant's Motion for Summary Judgment and dismisses Plaintiff's claim with prejudice.

## I.    BACKGROUND

While walking in the prisoners' yard on May 20, 2011, Plaintiff twisted his ankle. Compl. ¶ 1.  The following day, Plaintiff submitted a health care kite to medical staff requesting treatment.  *Id.* ¶ 2.  Defendant examined Plaintiff on May 26, 2011, noting that Plaintiff's "right ankle is slightly swollen, tender to touch, and bruised around [the] outside lower part of [the] heel."  *See* Nurse Protocol, Compl., Ex. A.  On the basis of this physical examination, his observation that Plaintiff did not appear to be in distress, and the fact that Plaintiff had been walking on his injured ankle for six days, Defendant concluded that Plaintiff merely sprained his ankle and that no additional medical treatment was necessary.  *See* Hense Aff., Def.'s Mot., Ex. A, ¶¶ 6-7.  After hearing Defendant's diagnosis that he had not broken any bones, Plaintiff inquired about the possibility of x-rays or a second opinion from either a physician or physician's assistant. Compl. ¶¶ 4-6.  Defendant allegedly rebuffed Plaintiff's suggestions, asserting that either course of action would be a waste of taxpayer money.  *Id.* ¶¶ 5-6.  Defendant then provided Plaintiff with Tylenol and indicated that the examination was complete.  *Id.* ¶ 6.

Plaintiff continued to experience pain and sent another kite to medical staff on June 14, 2011.  Compl. ¶ 7.  On June 16, 2011, a physician's assistant examined Plaintiff and allegedly told Plaintiff that Defendant should have either sent Plaintiff for x-rays or, at minimum, allowed Plaintiff to see another medical professional for a second opinion. *Id.* ¶ 8.  X-rays of Plaintiff's ankle were taken on June 20, 2011, revealing that Plaintiff

had, in fact, broken his ankle. *Id.* ¶ 9. Plaintiff explains that he experienced a great deal of pain and had difficulty sleeping and walking prior to receiving proper treatment. *Id.* ¶ 10. In addition, Plaintiff contends his ankle did not heal correctly and that he continues to endure discomfort as a result. *Id.*

Plaintiff filed this 42 U.S.C. § 1983[1] action on April 14, 2012, proceeding *pro se*. Plaintiff subsequently acquired counsel. Plaintiff sues Defendant in his individual capacity, alleging a violation of his Eight Amendment rights. Specifically, Plaintiff asserts that Defendant displayed deliberate indifference to a serious medical need when he refused to have Plaintiff x-rayed or examined by another medical professional and seeks $5,000,000 in compensatory damages and $5,000,000 in punitive damages, as well as payment of medical costs. Compl. Defendant filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a) on June 27, 2012. Plaintiff, through his attorney, responded. Oral argument was held on November 1, 2012 and the Court is now prepared to issue a ruling.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 instructs courts to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2012). A court

---

[1] Title 28 U.S.C. § 1983 provides:
"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, priviliges, or immunities, secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

3

assessing the appropriateness of summary judgment asks "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986)).

The initial burden of proving the absence of a genuine dispute rests with the movant, *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986), who "must support the assertion by: (A) citing to particular parts of materials in the record…; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact[,]" Fed. R. Civ. P. 56(c)(1)(A)-(B). While this inquiry requires the Court to construe factual disputes, and the inferences there from, in the light most favorable to the non-moving party, only disputes over facts that might affect the outcome of the suit preclude the entry of summary judgment. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510.

If the moving party discharges their initial burden using the materials specified in Federal Rule of Civil Procedure 56(c), the burden of defeating summary judgment shifts to the non-movant who must point to specific material facts – beyond the pleadings or mere allegation – which give rise to a genuine issue of law for trial. *Anderson*, 477 U.S. at 256, 106 S. Ct. at 2514. A mere scintilla of evidence supporting the non-movant's claim will not prevent summary judgment; rather, there must be evidence on which a jury

4

could reasonably find for the non-movant.  *Hirsch v. CSX Transp., Inc.*, 656 F.3d 359, 362 (6th Cir. 2011).

Moreover, if, "after adequate time for discovery and upon motion," the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case[] and on which that party will bear the burden of proof at trial[,]" a court should enter summary judgment in favor of the moving party.  *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.  When this occurs, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id.* 477 U.S. at 323, 106 S. Ct. at 2552.  Thus, if the non-movant does not support the elements of a claim or defense, the moving party is "entitled to judgment as a matter of law."

## III.    DISCUSSION

Defendant argues that summary judgment is appropriate as a matter of law because (1) Plaintiff cannot satisfy the standard of a constitutional violation for deliberate indifference and, even if Plaintiff could, (2) the cause of action is barred by the doctrine of qualified immunity.  The Court begins with the Eighth Amendment issue because in the absence of a constitutional violation giving rise to a § 1983 claim, the need to assert a qualified immunity defense simply does not arise.

### A.    Eighth Amendment Deliberate Indifference Standard

The Eighth Amendment embodies "'broad and idealistic concepts of dignity, civilized standards, humanity, and decency . . .,' against which [courts] must evaluate penal measures."  *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S. Ct. 285, 290 (1976) (internal

citation omitted). These principles give rise to a governmental "obligation to provide medical care for those whom it is punishing by incarceration." *Id.*, 429 U.S. at 103, 97 S. Ct. at 290; *see also Baker v. City of Detroit*, 217 F. App'x 491, 495 (6th Cir. 2007) (unpublished) ("The Supreme Court in *Deshaney* [*v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 199-200, 109 S. Ct. 998, 1005 (1989)] recognized a line of cases 'stand[ing] . . . for the proposition that when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being.'"). Prison inmates "must rely on prison authorities to treat [their] medical needs; if the authorities fail to do so, those needs will not be met." *Id.* Even in non-life-threatening cases, "denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose." *Id.*

To sustain a § 1983 claim arising from the Eighth Amendment's prohibition against cruel and unusual punishment and based on inadequate medical treatment, Plaintiff must demonstrate that Defendant acted with deliberate indifference to his serious medical needs in diagnosing or treating him. *See, e.g.*, *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). Deliberate indifference claims consist of two components, one objective and the other subjective. The objective component requires that the condition itself be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994). The subjective component requires Plaintiff to show that Defendant had "a sufficiently culpable state of mind in denying [him] medical care." *Blackmore*, 390 F.3d at 895 (citing *Farmer*, 511 U.S. at 834, 114 S. Ct. at 1977). While

6

deliberate indifference entails something more than mere negligence or a lack of ordinary due care, the standard is satisfied by something less than acts or omissions for the purpose of causing harm or with knowledge that harm will result. *Farmer*, 511 U.S. at 835, 114 S. Ct. at 1978. The Sixth Circuit requires that "a plaintiff [] establish that 'the official knows of and disregards an excessive risk to inmate health or safety,' which is to say 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006) (quoting *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979).

"Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). The Sixth Circuit acknowledges that "[a] claim of inadequate medical treatment[,]" as opposed to a claim of a complete denial of medical treatment, "may state a constitutional claim" but cautions that such claims are generally limited to situations where "the treatment rendered is 'so woefully inadequate as to amount to no treatment at all.'" *Clark v. Corrections Corp. of Am.*, 98 F. App'x 413, 416 (unpublished) (citing *Westlake*, 537 F.2d at 860-61). This is because even if treatment is furnished "carelessly or inefficaciously," this does not mean the medical provider "displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001); *see also Williams v. Mehra*, 186 F.3d

7

685, 691 (6th Cir. 1999) ("Thus, a complaint that [medical personnel have] been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." (quoting *Estelle*, 429 U.S. at 106, 97 S. Ct. at 291)) .

**B.     Application**

Defendant's care of Plaintiff falls within the line of cases where a prisoner has received some medical attention and the dispute is over the adequacy or efficacy of the chosen treatment.[2] In other words, this is a case where Plaintiff disagrees with the medical provider's course of treatment.

For purposes of his Motion for Summary Judgment, Defendant is willing to assume that Plaintiff's ankle injury was a serious medical condition, thereby rendering the objective component of the deliberate indifference test a non-issue. *See* Def.'s Br. at 3. Nonetheless, Defendant contends that no Eighth Amendment violation occurred. Defendant argues that Plaintiff has not put forth any evidence beyond mere allegation to establish that Defendant knew of and disregarded an excessive risk to Plaintiff's safety

---

[2] At oral argument, Plaintiff's counsel characterized Defendant's actions as "a decision to do nothing." In essence, Plaintiff's counsel argued that a decision not to order necessary testing or additional treatment is not a medical judgment if motivated by a desire to save taxpayer money. However, given the chronology of events described elsewhere in this Opinion and Order, the Court does not believe this argument applies in the instant action because Defendant declined to order an x-ray after he, in the exercise of medical judgment, diagnosed Plaintiff's ankle as sprained. As Defendant's counsel stated at oral argument, this decision appears "rationally connected" to Defendant's observations at the physical examination.

8

and, therefore, cannot establish the subjective component necessary to stating a viable cause of action.  *Clark-Murphy*, 439 F.3d at 286.   The Court agrees.

The evidence material to the subjective component of the deliberate indifference standard, even when viewed in the light most favorable to the Plaintiff, does not support a finding that Defendant acted with wantonness toward Plaintiff or that he intentionally withheld medical care he knew would be necessary.  Defendant's Affidavit explains that he believed, based on his examination, Plaintiff "suffered a minor sprain to his ankle and no additional medical treatment was necessary."  Hense Aff., Def.'s Mot., Ex. A, ¶ 7.  While Plaintiff's need for an x-ray and treatment for a broken ankle seems evident in hindsight, the Court cannot conclude that Defendant's decision not to order an x-ray or send Plaintiff for a second opinion constituted deliberate indifference given that Plaintiff had been walking on his injured ankle for six days and that the symptoms revealed during the physical examination did not appear particularly pernicious.  *See* Nurse Protocol, Compl., Ex. A (noting "right ankle is slightly swollen, tender to touch, and bruised around outside lower part of heel" and that "inmate appears in no distress").

Of particular relevance to the instant case, which involves the failure to order an x-ray of Plaintiff's ankle to enable an earlier diagnosis, "is the language from *Estelle* that '[a] medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment,' and 'at most . . . it is medical malpractice.'"[3]  *Durham v. Nu'Man*,

---

[3] The allegations in Plaintiff's Complaint appear to bolster a finding of malpractice. Plaintiff asserts that during his second examination on July 16, the physician's assistant told Plaintiff that Defendant's failure to schedule an x-ray "was medical error."  Compl. ¶ 8.

97 F.3d 862, 868 (6th Cir. 1996) (quoting *Estelle*, 429 U.S. at 107, 97 S. Ct. at 293)). The Court hesitates to turn Defendant's potential malpractice into a constitutional tort. As indicated above, even if Defendant's treatment of Plaintiff was negligent, careless, or ineffective, this does not establish unconstitutional indifference to his medical needs.

Despite Plaintiff's suggestion to the contrary, Plaintiff's unsupported allegations that Defendant declined to order x-rays or schedule another examination because of the cost to taxpayers do not alter the fact that Defendant declined to do these things *after* determining, albeit erroneously, that Plaintiff did not break an ankle. Compl. ¶¶ 4-6. Defendant's actions "cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle*, 429 U.S. at 105-06, 97 S. Ct. at 292. Thus, despite Plaintiff's belief that a factual dispute regarding whether Defendant made comments about the cost of additional examinations exists, the dispute does not relate to a fact that may affect the outcome of the suit. In other words, whether or not Defendant uttered such words is not a dispute about a material fact.

The Court is satisfied that Defendant discharged his initial Federal Rule of Civil Procedure 56(a) burden showing his entitlement to judgment as a matter of law. Plaintiff has not offered any evidence beyond the pleadings or mere allegation that creates a genuine issue of material fact for trial. Moreover, Plaintiff has failed to establish an essential element of his deliberate indifference claim. Because the record evidence does not support a finding that Plaintiff suffered a deprivation of a constitutional right, "there is no claim under § 1983, and Defendant[ has] no need for a qualified immunity defense." *Ahlers v. Schebil*, 188 F.2d 365, 374 (6th Cir. 1999).

## IV. CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Defendant is entitled to summary judgment.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

Dated: November 2, 2012

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Sabrina Shaheen Cronin, Esq.
A. Peter Govorchin, A.A.G.,